# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY S. WILEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-13-306-JHP-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Mary Wiley requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering

h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on June 1, 1956, and was fifty-five years old at the time of the administrative hearing (Tr. 33). She earned her GED and completed vocational training as a dental assistant and as an accounting clerk, and has past relevant work as an accounting clerk and house cleaner (Tr. 57, 187). The claimant alleges an onset date of January 1, 2010, due to chronic myelogenous leukemia (Tr. 186).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on January 12, 2010. The Commissioner denied her application. Following an administrative hearing, ALJ John W. Belcher found in a written opinion dated October 14, 2011, that the claimant was not disabled prior to June 1, 2011, but that she became disabled on that date and continued to be disabled through the date of the decision (Tr. 13-21). The claimant appealed the determination that she was not disabled prior to June 1, 2011, but the Appeals Council denied review. Thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that after January 1, 2010, the claimant had the ability to perform light work, *i. e.*, that she could lift/carry up to 20 pounds occasionally or 10 pounds frequently, stand/walk for up to six hours in an eight-hour workday, and sit eight hours in an eight-hour workday, and that she could perform simple work with superficial contact with co-workers, supervisors, and the general public (Tr. 16). On June 1, 2011, the claimant's age category changed, leading to a finding that the claimant was disabled on that date according to Medical-Vocational Rule 202.06, *i. e.*, "the Grids. The ALJ concluded that, prior to June 1, 2011, although claimant was unable to perform her past relevant work, there was work in the national economy that claimant was capable of performing, *i. e.*, mailroom clerk, assembler, and laundry sorter (Tr. 20). Thus, the ALJ found that the claimant was not disabled prior to June 1, 2011 (Tr. 20).

## Review

The claimant contends that the ALJ erred in the following ways: (1) failing to properly evaluate the opinion of treating physician, Dr. Beets; and (2) failing to properly analyze her credibility. The undersigned Magistrate Judge finds the first contention persuasive.

The ALJ found the claimant had the severe impairments of chronic myelogenous leukemia, degenerative disc disease, and a cognitive disorder (Tr. 15). As relevant to this appeal, the medical evidence reveals that the claimant was diagnosed with chronic

myelogenous leukemia in 2007 (Tr. 263). In 2010, the claimant began complaining of abdominal pain which led to a diagnosis of pancreatitis of unknown etiology, that was eventually determined to be chronic (Tr. 525, 704-707, 773). Additionally, on June 24, 2010, a CT scan of the cervical spine revealed degenerative disc disease at C5-6 and C6-7, with neural foraminal narrowing (Tr. 647). A cervical spine x-ray on March 30, 2011, revealed moderately severe degenerative disc change at C5-6, C6-7, and severe degenerative facet joint changes at C7-T1 (Tr. 744, 755).

The claimant received much of her regular treatment at Koweta Indian Health Facility (Tr. 347-398, 589-664, 673-686, 713-727, 797-811), and Dr. Billy Beets, Jr., was one of her treating physicians at that facility. He completed a medical source statement of the claimant's RFC on June 24, 2010, indicating that the claimant was not capable of performing heavy, medium, or light work, but that she could perform sedentary work and any type of combined work on a sustained basis, and he limited her to simple tasks/instructions and 1-2 step tasks/instructions (Tr. 813). Following the ALJ's opinion, additional evidence was submitted to the Appeal Council. Included in that submission was a December 6, 2011, letter drafted by Dr. Beets referencing his 2010 RFC assessment and again stating that the claimant should be restricted to sedentary work. In support, he referred to the claimant's severe neural foraminal narrowing at C5-6 and moderate to severe bilateral neural foraminal narrowing at C6-7. He stated that her degenerative disc disease caused chronic daily pain that limited her ability to stand, walk, and lift, and that repetitive standing, walking, and lifting without breaks would

exacerbate her symptoms (Tr. 815).

The claimant's contention that the ALJ failed to properly evaluate all the medical evidence is based, in part, upon the evidence submitted to the Appeals Council after the hearing. The Appeals Council must consider such additional evidence if it is: (i) new, (ii) material, and (iii) "related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). The parties do not address whether the evidence submitted by the claimant after the administrative hearing qualifies as new, material and chronologically relevant, but the Appeals Council considered it, and the Court therefore has no difficulty concluding that it does qualify.

First, evidence is new if it "is not duplicative or cumulative." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). The evidence submitted by the claimant to the Appeals Council clearly was new evidence. Dr. Beets's letter was neither duplicative nor cumulative because it was not presented to the ALJ prior to his decision and contained the basis for his original RFC assessment. Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191, *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). In other words, the evidence must "reasonably [call] into question the disposition of the case." *Id.*; *see also, Lawson v. Chater*, 1996 WL 195124, at *2 (10th Cir. April 23, 1996) [unpublished table opinion]. In this regard, the letter provided an

objective basis upon which Dr. Beets had formed his opinion. Finally, the evidence is chronologically relevant when it pertains to the time "period on or before the date of the ALJ's Decision." *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b). Although the letter was written subsequent to the ALJ's decision, it is clearly a clarification and explanation as to his original assessment from June 2010, and based on evidence from that same time frame (Tr. 815).

Since the evidence presented by the claimant after the administrative hearing *does* qualify as new and material evidence under C.F.R. §§ 404.970(b) and 416.1470(b) and the Appeals Council considered it, such evidence "becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). In light of this new evidence, the Court finds that the ALJ's decision is not supported by substantial evidence.

The ALJ's written decision notes Dr. Beets's RFC assessment, but he declined to assign it controlling weight because Dr. Beets provided no objective support in his assessment and "objective testing has been normal" (Tr. 18). He then found that Dr. Beets's opinion was in conflict with his own treatment records (without specifying which records) and "inconsistent with the other substantial evidence" (Tr. 18). Considering that Dr. Beets's opinion is the only treating physician opinion of record, the evidence is certainly probative of the claimant's physical limitations. Medical opinions from the claimant's treating physician are entitled to controlling weight if they are "'well-

supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating physician's opinions are not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. § 404.1527. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527.'"), *quoting Watkins*, 350 F.3d at 1300. The pertinent factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01 [quotation marks omitted], *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). Finally, if the ALJ decides to reject a treating physician's opinion entirely, "he must . . . give specific, legitimate reasons for doing so[,]" *id*. at 1301 [quotation marks omitted; citation omitted], so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id*. at 1300 [quotation omitted]. As a result, the

ALJ is required to analyze Dr. Beets's opinion in accordance with the treating physician rule as set forth in 20 C.F.R. §§ 404.1527; 416.927. The ALJ had no opportunity to perform this analysis, and while the Appeals Council considered the new evidence, they failed to analyze it in accordance with the aforementioned standards. *Chrismon v. Colvin*, 531 Fed. Appx. 893, 901 (10th Cir. 2013) ("Mr. Chrismon properly submitted, and the Appeals Council properly accepted, the longitudinal treatment notes underlying the treating source opinion. At that point the sole ground invoked by the ALJ for discounting the opinion ceased to apply. And the Appeals Council did not fill the gap (or remand for the ALJ to do so); it simply denied review without any analysis of the treating source opinion in light of the new records."). The decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further proceedings.

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of Dr. Beets's opinion. On remand, the ALJ should reconsider the opinion in accordance with the appropriate standards and determine what impact, if any, such reconsideration has on the claimant's ability to work.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 10th day of September, 2014.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**